## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | 06-658-05 |
| | : | |
| ANTHONY TRIMBLE | : | CIVIL ACTION |
| | : | 13-116 |

February __/8, 2014                                    **Anita B. Brody, J.**

### MEMORANDUM

Currently before me is Anthony Trimble's pro se Motion Under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence.  For the reasons set forth below, I will deny Trimble's

§ 2255 motion.

## I. BACKGROUND

On April 24, 2007, a grand jury in the Eastern District of Pennsylvania returned a

superseding indictment charging several individuals, including Trimble, with conspiracy to

defraud the Internal Revenue Service ("IRS"), as well as corruptly endeavoring to obstruct the

administration of the tax laws.  These charges stemmed from the individuals involvement in an

organization known as the Commonwealth Trust Company ("CTC"), a company that sold

domestic and foreign trusts.  CTC advised clients that they could escape paying federal income

tax by diverting their income through CTC trusts, and instructed clients to transfer assets they

already had into these trusts to protect the assets from IRS liens and seizures.

On January 2, 2008, Trimble pled guilty to one count of conspiracy to defraud the United

States, in violation of 18 U.S.C. § 371, and one count of corruptly endeavoring to obstruct and

impede the due administration of the Internal Revenue laws, in violation of 18 U.S.C. § 7212(a).

Trimble was sentenced to 65 months of imprisonment, three years of supervised release, a fine of

$1,000, a $100 special assessment, and restitution in the amount of $5,736,562.80 to be paid jointly and severally with his co-defendants.

Trimble appealed his sentence to the Third Circuit.  On November 15, 2011, the Third Circuit affirmed Trimble's sentence.  Trimble filed a motion for rehearing, which the Third Circuit denied on February 6, 2012.

On January 4, 2013, while incarcerated, Trimble filed his habeas corpus petition. Trimble was released from prison on September 12, 2013.

## II. STANDARD OF REVIEW

Section 2255 empowers a court to "vacate, set aside or correct" a sentence that "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a).  If a party is entitled to relief under § 2255(a), "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* § 2255(b).  A petitioner is entitled to an evidentiary hearing unless the motion, files, and records of the case show conclusively that the petitioner is not entitled to relief.[1]  *Id.*

## III. DISCUSSION

Trimble challenges both the length of his sentence and the order of restitution.  Trimble cannot succeed on his habeas corpus petition because the challenges to the length of his sentence are moot and the challenges to the restitution order are not cognizable under § 2255.

## A.  Length of Sentence

Trimble argues that counsel rendered ineffective assistance of counsel in two instances: (1) at sentencing when counsel failed to argue for a downward departure on the basis that

---

[1] Trimble is not entitled to an evidentiary hearing because the record conclusively establishes that he is not entitled to relief.

Trimble was a minimal or minor participant in the conspiracy; and (2) on appeal when counsel failed to argue that Trimble received a disproportionately higher sentence than one of his co-defendants.  Trimble contends that there is a reasonable probability that the length of his sentence would have been reduced if counsel had raised these arguments.

Although Trimble was incarcerated at the time he filed his habeas corpus petition, he has since been released from custody.  Under Article III of the Constitution, a federal court may decide "only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).  "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009).  "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477).  While incarceration satisfies the case or controversy requirement, "[o]nce a sentence has expired, however, some continuing injury, also referred to as a collateral consequence, must exist for the action to continue." *Burkey*, 556 F.3d at 147.  When a petitioner "is attacking a sentence that has already been served, collateral consequences will not be presumed, but must be proven." *Id.* at 148.  A habeas corpus petition will be denied as moot if the petitioner who has been released from custody only challenges the length of his completed sentence, and fails to demonstrate any collateral consequence. *United States v. King*, 437 F. App'x 189, 190 (3d Cir. 2011) (dismissing appeal as moot because habeas corpus petitioner challenged only his completed sentence and did not allege any collateral consequence) *United States v. Petersen*, 408 F. App'x 642, 643 (3d Cir. 2010) (same).

In these claims, Trimble challenges only the length of his completed sentence. Rather than allege any collateral consequence, Trimble concedes that his claim that counsel failed to argue the disparity in sentences between co-defendants is "moot since Movant has completed his imposed sentence." Pet'r's Mem. 6-7. Therefore, I will deny Trimble's habeas corpus petition as to the claims challenging the length of his sentence because they are moot.

## B. Restitution Order

Trimble raises numerous challenges to the restitution order, alleging that the Court erred in determining the restitution order, and that the restitution order is erroneous as a result of ineffective assistance of counsel.

The plain and unambiguous language of § 2255 indicates that the statute only applies to "[a] prisoner in custody . . . claiming the right to be released." 28 U.S.C. § 2255(a). According to the Third Circuit, "The payment of restitution . . . is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas corpus statutes." *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003). In *Obado*, the Third Circuit held that habeas relief is unavailable to a petitioner who is not in custody at the time he files his petition, and is only challenging a restitution order. *Id.* Thus, the Third Circuit joined the overwhelming majority of the courts of appeal in holding that an attack on a restitution order, without more, does not seek release from custody and therefore is not cognizable under § 2255. *See United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003) (collecting cases).

The Third Circuit did not address in *Obado* whether a claim that challenges a restitution order may be raised in a habeas corpus petition that also includes at least one claim challenging custody. However, courts of appeals to consider the issue have held that a claim for relief from a restitution order cannot be brought in a habeas corpus petition, whether or not the petition also

contains cognizable claims for release from custody. *Mamone v. United States*, 559 F.3d 1209,

1211 (11th Cir. 2009); *Kaminski v. Unites States*, 339 F. 3d 84, 89 (2d Cir. 2003); *Bernard*, 351

F.3d at 361; *United States v. Thiele*, 314 F.3d 399, 402 (9th Cir. 2002); *United States v. Hatten*,

167 F.3d 884, 887 (5th Cir. 1999); *Smullen v. United States*, 94 F.3d 20, 26 (1st Cir. 1996); *see*

*also Virsnieks v. Smith*, 521 F.3d 707, 720-21 (7th Cir. 2008) ("Even though [petitioner's]

habeas petition includes an independent, custodial claim . . . a court does not have 'pendent'

jurisdiction over non-cognizable habeas claims."). "[P]ermitting attacks on restitution orders so

long as such attacks are included in petitions that also challenge a custodial sentence would

encourage petitioners to bring frivolous claims against sentences of incarceration when, in fact,

the only colorable claims available are against restitution orders." *Kaminski*, 339 F.3d at 88.

"Moreover, allowing a contrary rule could result in incongruent access to federal habeas review."

*Mamone*, 559 F.3d at 1211.   As the Second Circuit explained:

> Habeas lies to allow attacks on wrongful custodies. There is therefore no reason
> why the presence of a plausible claim against a custodial punishment should make
> a noncustodial punishment more amenable to collateral review than it otherwise
> might be. . . .   Collateral relief from noncustodial punishments is not made more
> readily available to a petitioner just because that petitioner happens at the time to
> be subject also to custodial penalties. And, the mere fact that the sentencing court
> chose to impose incarceration on a defendant in addition to restitution does not, as
> to the restitution order, distinguish that defendant from someone who, having
> been convicted, received a punishment that did not include any custodial element.

*Kaminski*, 339 F.3d at 89.  For the same reason, a challenge to a restitution order brought under

the guise of an ineffective assistance of counsel claim is also not cognizable in a habeas petition

because it does not seek release from custody.  Indeed, almost every court of appeals to confront

this issue has held that a petitioner cannot bring an ineffective assistance of counsel claim under

§ 2255 to challenge an allegedly erroneous restitution order or fine. *Shephard v. United States*,

735 F.3d 797, 798 (8th Cir. 2013); *Kaminski*, 339 F. 3d at 85 n.1; *Thiele*, 314 F.3d at 402;

*Smullen*, 94 F.3d at 26; *United States v. Segler*, 37 F.3d 1131, 1137 (5th Cir. 1994). *Contra*

*Weinberger v. United States,* 268 F.3d 346, 351 n.1 (6th Cir. 2001) ("allowing a petitioner to

contest a restitution order under § 2255 based on a meritorious ineffective assistance of counsel

claim").

Trimble was in custody when he filed his habeas corpus petition, which challenged both

the length of his incarceration and the restitution order.  While the challenges to the length of his

incarceration have become moot due to his release, at the time Trimble filed his habeas corpus

petition it included cognizable challenges to his custody.  Regardless of whether Trimble's

petition initially contained cognizable claims, the presence of cognizable claims does not make

Trimble's non-cognizable restitution claims amenable to review nor does the fact that some of

these challenges are raised through the lens of ineffective assistance of counsel.  A petitioner

cannot challenge the restitution portion of his sentence under § 2255.  Therefore, I will deny

Trimble's habeas corpus petition as to the claims challenging the restitution order because they

are not cognizable.

## IV.  CONCLUSION

For the reasons set forth above, I will deny Trimble's pro se Motion Under 28 U.S.C. §

2255 to Vacate, Set Aside, or Correct Sentence.  A certificate of appealability will not issue.[2]

_____
ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:       Copies **MAILED** on *02-18-2014* to:
                                        *Anthony Trimble, pet.*

O:\ABB 2014\L - Z\USA v. Trimble 2255 Memorandum.docx

---

[2] In the Third Circuit, a certificate of appealability is granted only if the petitioner makes: "(1) a credible showing that the district court's procedural ruling was incorrect; and (2) a substantial showing that the underlying habeas petition alleges a deprivation of constitutional rights."  *Morris v. Horn*, 187 F.3d 333, 340 (3d Cir. 1999).  Trimble has not made such a showing.